UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUTH DIAMOND; DEBRA FISHER a/k/a DEBRA BAKER; DARRELL JOSHUA HUDSON,<br><br>                           **Plaintiff,**<br>v.<br><br>US PACK SCRIPT LLC F/K/A SCRIPTFLEET, INC.,<br><br>                           **Defendants.** | **COMPLAINT**<br><br>**Jury Trial Demanded**<br>**Index No. _____** |

Plaintiffs Ruth Diamond (hereinafter "Ms. Diamond"), Debra Fisher a/k/a Debra Baker, (hereinafter "Ms. Fisher"), and Darrell Joshua Hudson (hereinafter "Mr. Hudson") (collectively the "Plaintiffs") complaining by their attorneys The Glennon Law Firm, P.C., Peter J. Glennon, Esq. of counsel, allege the following as their complaint against US Pack Script LLC F/K/A Scriptfleet, Inc. (hereinafter "Defendant" or "US Pack"):

## NATURE OF THE ACTION

1. Plaintiffs bring this civil action seeking declaratory relief, monetary damages, and affirmative relief based upon Defendant's violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.,* and New York State Labor Law ("NYLL"), Article 6, §190 *et seq.,* and Article 19, §650 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337. This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1332 and §1367.

3. This Court also has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue is proper in the Western District of New York pursuant to 28 U.S.C. §1391(b) because the claim arose in this Judicial District, Plaintiffs reside in this Judicial District and the Defendant is located in and maintains a place of business within the Judicial District.

## THE PARTIES

5. Plaintiff Ruth Diamond is an individual who resides in Marion, New York, a location within Wayne County and the Western District of New York.

6. Plaintiff Debra Fisher a/k/a Debra Baker is an individual who resides in Newark, New York, a location within Wayne County and the Western District of New York.

7. Plaintiff Darrell Joshua Hudson is an individual who resides in Marion, New York, a location within Wayne County and the Western District of New York.

8. At all times relevant to the Complaint, Plaintiffs were covered employees as defined by the FLSA and NYLL.

9. At all times relevant to the Complaint, Plaintiffs were engaged in interstate commerce as employees of Defendant.

10. Upon information and belief, at all times relevant to the Complaint, Defendant has been a Foreign State Limited Liability Company authorized to do business in New York State with offices at 1218 Central Avenue, Suite 100, Albany, New York 12205.

11. Defendant is a covered employer within the meaning of the FLSA and the NYLL.

## FACTS

12. Ms. Diamond began her employment with US Pack in October 2017 as a Contract Courier.

13. Ms. Fisher began her employment with US Pack in June 2018 as a Contract Courier.

14. Mr. Hudson began his employment with US Pack in October 2018 as a Contract Courier.

15. During Plaintiffs' tenure with Defendant, Scriptfleet, Inc. was renamed to U.S. Pack Script, LLC.

16. Plaintiffs were employed by US Pack to pick-up and deliver veterinary samples within New York State.

17. Plaintiffs were engaged in interstate commerce on behalf of Defendant, transporting, delivering, and shipping samples to destinations outside of New York State.

18. Plaintiffs were further engaged in interstate commerce on behalf of Defendant by physically crossing state lines, specifically into Massachusetts, in order to transport and deliver various samples that originated in, and were picked up by Plaintiffs for transportation in, New York State.

19. US Pack assigned Plaintiffs delivery routes daily at varied rates of pay.

20. Ms. Diamond worked more than 40 hours per week. She worked at least 60 hours per week.

21. Ms. Fisher worked more than 40 hours per week. She worked at least 60 hours per week.

22. Mr. Hudson worked more than 40 hours per week. He worked at least 60 hours per week.

23. Ms. Diamond ceased accepting routes from US Pack in August 2019.

24. Ms. Fisher ceased accepting routes from US Pack in May 2019.

25. Mr. Hudson ceased accepting routes from US Pack in August 2019.

26. Throughout their tenure with Defendant, Plaintiffs were required by Defendant to attend employee training.

27. Throughout their tenure with Defendant, Plaintiffs were required to request prior permission for absences from work.

28. Throughout their tenure with US Pack, Defendant provided equipment and supplies needed by Plaintiffs.

29. Throughout their tenure with US Pack, Defendant set Plaintiffs' rates of pay and paid their salary.

30. Throughout their tenure with US Pack, Defendant required Plaintiffs to complete all tasks assigned to them by Defendant personally.

31. Throughout their tenure with US Pack, Defendant required Plaintiffs to wear identification badges which identified Plaintiffs as representatives of Defendant.

32. Throughout their tenure with US Pack, Defendant required Plaintiffs to wear uniforms with Defendant's company logo.

33. Throughout their tenure with US Pack, Defendant directed Plaintiffs when, where, and how to complete their assigned delivery routes.

34. Throughout their tenure with US Pack, Defendant provided Plaintiffs with fringe benefits including Christmas bonuses and discounts on tires and tax services.

35. Defendant made Plaintiffs' pay for and/or made illegal deductions from Plaintiffs' wages by requiring Plaintiffs to pay for background checks, uniform shirts, a company identification badge, and insurance.

36. Throughout their employment, US Pack unlawfully misclassified Plaintiffs as independent contractors despite the fact that Defendant exercised considerable control over

Plaintiffs' day-to-day job activities, required Plaintiffs to attend meetings and get prior approval for absences, and Defendant provided necessary equipment, set Plaintiffs' rate of pay and paid them a salary, required Plaintiffs to identify themselves as representatives of Defendant, and generally treated Plaintiffs as employees of US Pack.

37. As misclassified employees of US Pack, Plaintiffs should have been paid overtime for all hours worked in excess of 40 hours each week and are entitled to back wages for all times Plaintiffs were paid a rate less than New York State's minimum wage.

**FIRST CLAIM FOR RELIEF**
Fair Labor Standards Act – Misclassification

38. Plaintiffs repeat and reallege as though fully set forth herein, all allegations in paragraphs 1-37.

39. Defendant improperly and unlawfully classified Plaintiffs as Independent Contractors while they were employed by Defendant in violation of the FLSA.

40. Defendant failed to properly compensate Plaintiffs for all hours worked in excess of 40 hours each week while they were employed by Defendant.

41. Defendant failed to deduct or pay Plaintiffs' portion of FICA and Medicare to the Social Security Administration.

42. Defendant made illegal deductions from Plaintiffs' wages by requiring Plaintiffs to pay for background checks, uniform shirts, a company identification badge, and insurance.

43. Defendant, at times, paid Plaintiffs at rates less than New York State's minimum wage.

44. As a result of Defendant's violation of the FLSA, Plaintiffs have suffered damages in the amount of back wages for all times Defendant paid Plaintiffs at rates less than New York State's minimum wage in an amount to be determined at trial, unpaid overtime for all

work Plaintiffs performed in accordance with the FLSA in an amount to be determined at trial, payment of Plaintiffs' FICA and Medicare contributions in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, double damages, prejudgment interest, attorneys' fees, costs, and other compensation as awarded.

## SECOND CLAIM FOR RELIEF
(Fair Labor Standards Act – Recordkeeping Violations)

45. Plaintiffs repeat and reallege as though fully set forth herein, all allegations in paragraphs 1-44.

46. Defendant failed to make, keep, and preserve accurate records with respect to Plaintiffs as required by the FLSA, including hours worked each workday and total hours worked each workweek, as required under 29 U.S.C. §211(c) and supporting federal regulations.

47. Defendant's failure to make, keep, and preserve accurate records was willful.

48. As a result of Defendant's violation of the FLSA, Plaintiffs have suffered damages in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation as awarded.

## THIRD CLAIM FOR RELIEF
(NYLL – Misclassification)

49. Plaintiffs repeat and re-allege as though more fully set forth herein, all allegations in paragraphs 1-48.

50. Defendant violated NYLL in misclassifying Plaintiffs as independent contractors when they qualify as employees under NYLL.

51.     Because of Defendant's willful violation of NYLL, Plaintiffs have suffered damages in the amount of unpaid overtime, liquidated damages, double damages, punitive damages, costs and attorneys' fees, and such other relief as deemed proper.

### FOURTH CLAIM FOR RELIEF
(NYLL – Recordkeeping Violations)

52.     Plaintiffs repeat and re-allege as though more fully set forth herein, all allegations in paragraphs 1-51.

53.     Defendant failed to make, keep, and preserve accurate records with respect to Plaintiffs as required by NYLL §§ 195 and 661 and 12 NYCRR § 142-2.6, including the number of hours worked daily and weekly, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked.

54.     Defendant's failure to make, keep, and preserve accurate records was willful.

55.     Because of Defendant's willful violation of NYLL, Plaintiffs have suffered damages in the amount of unpaid overtime, liquidated damages, double damages, punitive damages, costs and attorneys' fees, and such other relief as deemed proper.

### DEMAND FOR JURY TRIAL

56.     Plaintiffs hereby demand a jury trial.

**WHEREFORE**, as a result of the conduct and actions of the Defendant herein alleged, Plaintiffs demand:

(1)     Judgment declaring that Defendant violated the aforementioned statutes;

(2)     Defendant, its agents, employees, officers and successors in interest, and those acting in concert with Defendant, be permanently enjoined from harassing or retaliating against Plaintiffs on any basis forbidden by the FLSA or NYLL;

(3) That Plaintiffs be made whole in the form of unpaid overtime wages and afforded all benefits which would have been afforded Plaintiffs but for said misclassification;

(4) That Plaintiffs be made whole in the form of back pay for all times Defendant paid Plaintiffs at a rate less than New York State Minimum Wage;

(5) That Plaintiffs be made whole in the form of unpaid FICA and Medicare contributions;

(6) Defendant be ordered to pay double, liquidated, and punitive damages for its violation of the FLSA and NYLL;

(7) Defendant be ordered to pay Plaintiffs prejudgment interest;

(8) Defendant be ordered to pay the costs and disbursements of this action, including attorneys' fees and additional costs pursuant to NYLL § 198(1); and

(9) For such other and further relief as may be just and proper.

Dated:  Rochester, New York
         January 8, 2021

**THE GLENNON LAW FIRM, P.C.**

By: *s/ Peter J. Glennon*_____
    Peter J. Glennon, Esq.
    *Attorneys for Plaintiff*
    160 Linden Oaks
    Rochester, New York 14625
    Tel:  585-210-2150
    PGlennon@GlennonLawFirm.com