UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUTH DIAMOND; DEBRA FISHER a/k/a DEBRA BAKER; DARREL JOSHUA HUDSON,<br><br>Plaintiffs,<br><br>v.<br><br>US PACK SCRIPT LLC F/K/A SCRIPTFLEET, INC.,<br><br>Defendant. | **DECLARATION IN SUPPORT OF THE PARTIES' JOINT MOTION FOR APPROVAL OF THE SETTLEMENT AGREEMENT**<br><br>**Index No.: 6:21-cv-06019** |

**PETER J. GLENNON, ESQ.**, an attorney duly admitted to practice law in this Court declares the following under penalty of perjury:

1. I am an attorney with and the founding principal of The Glennon Law Firm, P.C. (the "Firm"), attorneys for Plaintiffs Ruth Diamond ("Diamond"), Debra Fisher a/k/a Debra Baker ("Fisher"), and Darrel Joshua Hudson ("Hudson") (collectively "Plaintiffs") in the above-captioned matter. As such, I am fully familiar with the facts and circumstances of this litigation.

2. I make this Declaration in support of the Parties' Joint Motion for Approval of the Settlement Agreement.

## BACKGROUND & FACTS

3. Plaintiffs Diamond, Fisher, and Hudson brought claims for unpaid overtime and wages against the defendant, US Pack Script LLC f/k/a Scriptfleet, Inc. ("Defendant" or "US Pack") based on Defendant's alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL").

4. Defendant formerly contracted with Ms. Diamond to perform services from October 2017 until August 2019. Ms. Diamond was engaged as an independent contractor for US Pack. Ms. Diamond alleges, however, that she was misclassified and should have been classified as an employee of US Pack.

5. Defendant formerly contracted with Ms. Fisher to perform services from June 2018 until May 2019. Ms. Fisher was engaged as an independent contractor for US Pack. Ms. Fisher alleges, however, that she was misclassified and should have been classified as an employee of US Pack.

6. Defendant formerly contracted with Mr. Hudson to perform services from October 2018 until August 2019. Mr. Hudson was engaged as an independent contractor for US Pack. Mr. Hudson alleges, however, that he was misclassified and should have been classified as an employee of US Pack.

7. Plaintiffs commenced this action on January 8, 2021. A copy of the Complaint, which is incorporated herein by reference, is located at Docket Number ("Dkt. No.") 1.

8. The parties engaged in settlement negotiations from January 2021 through April 2022, and on or about April 30, 2022 the parties reached an agreement on settlement terms. Copies of the Settlement Agreement are attached hereto as **Exhibit A**.

**THE PARTIES' COURSE OF LITIGATION AND LEGAL WORK PERFORMED BY PLAINTIFFS' ATTORNEY**

9. Prior to commencing the action, Plaintiffs' counsel engaged in extensive research to defeat Defendant's expected motions to compel arbitration. Additionally, both prior to commencement and during settlement negotiations, Plaintiffs' counsel engaged in numerous conferences with Ms. Diamond, Ms. Fisher, and Mr. Hudson, and also

attended conferences with experts regarding damages calculations for misclassification matters in order to determine the extent of the damages incurred by Plaintiffs. In all, Plaintiffs' counsel has expended in excess of two hundred and fifteen (215) hours litigating this matter.

**CONTEMPORANEOUS TIME RECORDS AND BILLING**

10. A prevailing plaintiff is entitled to reasonable attorneys' fees and costs under the FLSA and the NYLL. See 29 U.S.C. § 216(b); NYLL § 663(1).

11. Pursuant to the recordkeeping policies of The Glennon Law Firm, P.C., all attorneys and support personnel working on the case kept contemporaneous records of their time describing their work related to the case. Copies of these time-records are attached hereto as **Exhibit B**.

12. These time-records were kept in the regular course of business by the Firm. The information attached as Exhibit B includes the dates and hours worked and a description of the work performed.

13. As of April 30, 2022, the date on which this case settled, the Firm had spent a total of two hundred and fifteen (215) hours related to the litigation and mediation of this case. Since that time, the Firm has expended an additional 26 hours in negotiating and reviewing the settlement agreement and preparing this motion.

14. The Firm's fees and costs are reasonable when considering the statutory factors. Plaintiffs' arguable damages are not insignificant, and the Firm successfully negotiated a full resolution.

15. The Firm's fees are also reasonable when considering the nature of the services that were rendered: preparing initial pleadings and legal research to defeat the

expected motions to compel arbitration, negotiating a resolution, and reviewing the formal resolution papers. Also, as set forth below, the Firm's fees were reasonable when considering the standing of both Counsel and the Firm, and the customary fees for similarly situated attorneys for similar services.

16. Considering that the Settlement Agreement allocates $30,000.00 for Plaintiffs' attorneys' fees, and the hours spent working on this action total two hundred and fifteen (215), the average rate for work performed by any Firm attorney or paralegal is $139.53 per hour.

17. As for my background as Counsel for the Plaintiffs, I am a *cum laude* graduate of Albany Law School of Union University, where I was the Note & Comment editor of the Albany Law Review and the Assistant Director of the Moot Court Program. I have been admitted to practice law since February 2005. I first served as law clerk for the Appellate Division, Fourth Department, and then as law clerk to the Honorable Elizabeth W. Pine, of the Appellate Division, Fourth Department. I then joined Nixon Peabody LLP as a litigation associate and have subsequently concentrated my practice on civil litigation in New York State courts, and federal courts across the nation, including the prosecution and defense of wage and hour class and collective actions. My practice continues at The Glennon Law Firm, P.C., which I founded in March 2014.

18. Given the time and effort spent litigating this matter, the amount of damages alleged by Plaintiffs, the professional standing and experience of Counsel and the Firm, and the average rate per hour being less than the typical rate approved by the Court, Plaintiffs maintain that the amount of attorneys' fees proposed to be paid by Defendant is both fair and reasonable.

**CONCLUSION**

19. I respectfully request the Court grant the joint motion for settlement approval which includes a total award for attorneys' fees and costs in the amount of $30,000.00.

20. I, Peter J. Glennon, declare pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the forgoing is true and correct.

Dated: June 10, 2022
Rochester, New York

***/s/ Peter J. Glennon***
Peter J. Glennon