UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUTH DIAMOND; DEBRA FISHER a/k/a DEBRA BAKER; DARREL JOSHUA HUDSON,<br><br>Plaintiffs,<br><br>v.<br><br>US PACK SCRIPT LLC F/K/A SCRIPTFLEET, INC.,<br><br>Defendant. | **Index No.:** 6:21-cv-06019 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' AND DEFENDANT'S JOINT MOTION FOR APPROVAL OF THE SETTLEMENT AGREEMENT**

**THE GLENNON LAW FIRM, P.C.**
Peter J. Glennon, Esq.
*Attorneys for Plaintiff*
160 Linden Oaks
Rochester, New York 14625
(585) 210-2150
PGlennon@GlennonLawFirm.com

## PRELIMINARY STATEMENT

The parties (Ruth Diamond, Debra Fisher a/k/a Debra Baker, Darrel Joshua Hudson, and US Pack Script LLC f/k/a Scriptfleet, Inc.) have recently reached an amicable settlement of Plaintiffs' claims against Defendant, which include unpaid wage claims, brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq.* and similar provisions of the New York Labor Law (NYLL), as alleged in the operative Complaint. Docket Number ("Dkt. No. ") 1. The parties now respectfully seek this Court's approval of the Settlement Agreement and the voluntary dismissal of the action under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015); *see also Fisher v. SD Protection Inc.*, 948 F.3d 593 (2d Cir. 2020).

## BACKGROUND & FACTS

Plaintiffs filed their Complaint on January 8, 2021. Dkt. No. 1. The parties engaged in settlement negotiations from January 2021 through April 2022 and reached an agreement on or about April 30, 2022. *See* Declaration of Peter J. Glennon in Support of the Parties' Joint Motion for Approval of the Settlement Agreement, dated June 9, 2022 ("Glennon Decl.") ¶ 8, Exh. A. As part of the settlement, the parties agreed that if the Settlement Agreement is approved by this Court, then Plaintiffs' claims against Defendant in the operative Complaint should be dismissed with prejudice. Plaintiffs and Defendant have attached a copy of the proposed Settlement Agreement to the Declaration of Peter J. Glennon submitted in support of this motion (Glennon Decl. ¶ 8, Exh. A), setting forth the following: (1) the litigation, compromise and settlement of Plaintiffs' claims against Defendant; (2) the payment and amount of Plaintiff's attorneys' fees and

costs; and (3) the fairness and reasonableness of the settlement. *See generally* Glennon Decl.; *See also* Glennon Decl. Exh. A.

## ARGUMENT

### A. Plaintiffs' Claims Against Defendant

Plaintiffs Ruth Diamond ("Diamond"), Debra Fisher a/k/a Debra Baker ("Fisher"), and Darrel Joshua Hudson ("Hudson") (collectively "Plaintiffs") alleged in their Complaint that they worked as independent contractors for the Defendant, US Pack Script LLC f/k/a Scriptfleet, Inc. ("Defendant" or "US Pack") and were misclassified as independent contractors; that they should have been classified as employees, and should have been paid overtime for hours worked in excess of 40 each week as required under the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA"), and the related provisions of the New York Labor Law ("NYLL"). Dkt. No. 1. Defendant denied that Plaintiffs were misclassified and therefore denied that Plaintiffs were entitled to any relief under the FLSA or NYLL.

Defendant classified Plaintiffs as independent contractors and they were compensated on a per route basis. Plaintiffs allege that Defendant exerted significant control over Plaintiffs in relation to the work they performed for Defendant and should have been classified as Defendant's employees. Plaintiffs also allege that they worked significantly more than 40 hours every week, and that they were not paid overtime. Based on Plaintiffs' records, Plaintiffs' counsel estimates and contends that Plaintiffs are owed $45,542.01 in unpaid wages, plus liquidated damages and interest, for a recovery period dating back to May 2019. Defendant denied Plaintiffs' allegations regarding the exercise

of control and denied that Plaintiffs regularly, if ever, performed services for Defendants in excess of 40 hours per week.

**B. <u>Settlement Terms</u>**

Plaintiffs' and Defendant's counsel engaged in arms-length settlement negotiations. As a result of the negotiations, the parties agreed to settle the claims in the operative Complaint, including without limitation, Plaintiffs' attorneys' fees and expenses, for a total of $60,000.00 (the "Settlement Amount"). From the Plaintiffs' perspective, settling for this sum in the near term is preferable to continued litigation (which would have included, at the outset, motions to compel arbitration of Plaintiffs' claims on an individual basis), possible appeals, and the potential risk of obtaining an uncollectable judgment.

Pursuant to Section 2(a) of the Settlement Agreement  Defendant shall deliver the settlement amount in a total of four (4) checks.  One (1) check shall be paid to each of the three  Plaintiffs as their settlement payment.  . *See* Glennon Decl. ¶ 8, Exh. A. Because Plaintiffs were classified as independent contractors and never employed by Defendant, all of the payments to Plaintiffs will be reported by Defendant on an IRS Form 1099 for each Plaintiff.  Then, one (1) check for $30,000.00 shall be paid as Plaintiffs' attorneys fees and expenses to The Glennon Law Firm, P.C. Under the Settlement Agreement, the total sum to be paid to Plaintiffs' counsel is $30,000.00 and shall be reported on an IRS Form 1099.  All payments shall be made within ten (10) business days of approval of the Settlement Agreement by this Court.

The parties have also included mutual general releases as a term of the Settlement Agreement.

**C. Attorneys' Fees & Expenses**

As set forth in Section 2(a) of the Settlement Agreement and detailed above, Defendant has agreed to pay Plaintiffs' counsel $30,000.00 in expenses and attorneys' fees, in addition to the payments to Plaintiffs.[1] In light of the settlement of this matter and the more than 215 hours of attorney time already expended in this case, Plaintiffs maintain that the amount of attorneys' fees proposed to be paid by Defendant is both fair and reasonable.

Indeed, this fee award would equal an average hourly rate for all attorneys and paralegals who worked on this case of $139.53 per hour, regardless of experience. Glennon Decl. ¶ 16. This rate is less than the typical rates approved by this Court, which for more than a decade have been set at $250 per hour for a partner and $195 per hour for an associate. *See e.g. Odom v. Hazen Transp., Inc.,* 275 F.R.D. 400, 413 (W.D.N.Y. 2011).

**D. The Settlement Terms Reflect a Fair and Reasonable Compromise of the Disputed Issues**

In Plaintiffs' Complaint, they allege that they were employees of Defendant based on the nature and location of the work they performed for Defendant, but whom Defendant misclassified as independent contractors in violation of the FLSA and the NYLL. As misclassified employees, Plaintiffs allege they were covered by the FLSA's and the NYLL's overtime and minimum wage protections. Plaintiffs allege that Defendant owes them unpaid overtime for all hours worked in excess of 40 hours each week, which is alleged to exceed 20 hours per week for almost three years.

[1] Defendant does not join in Plaintiffs' request for attorney's fees, but has agreed as part of the settlement agreement not to oppose Plaintiffs' request for attorneys' fees and costs.

Defendant contested these claims by arguing that Plaintiffs were properly classified as independent contractors, and denied Plaintiffs' allegations and any wrongdoing. The Plaintiffs were confident they would prevail on their federal and state unpaid wage claims based on Plaintiffs' personal records and documents they anticipated obtaining in discovery demonstrating their hours worked. Defendant was confident that it would prevail on its defenses and believed the discovery process would provide documentary evidence and testimony to undermine Plaintiffs' claims.

While both parties were confident about their factual and legal positions in this matter and were prepared to vigorously defend their positions, they are also interested in a fair resolution of this matter. Plaintiffs are interested in moving on from this matter and avoiding time-consuming litigation with Defendant, which would have included, at the outset, motions to compel arbitration of Plaintiffs' claims on an individual basis pursuant to the arbitration agreement included in the independent contractor agreement they signed. This monetary settlement enables Plaintiffs to recoup wages they allege they are entitled to. From Defendant's perspective, although Plaintiffs' claims are disputed, the associated costs of continuing to litigate this case and the risk any party faces at trial and/or on appeal are factors considered in settling the matter.

Despite the factual and legal disagreements between the parties, both parties reached this compromise settlement of Plaintiffs' claims against Defendant.

**CONCLUSION**

The parties have negotiated arms-length agreement that reflect a fair and reasonable compromise of the disputed issues. The Defendant has agreed to promptly pay Plaintiffs the alleged wages owed to them and to pay Plaintiffs' reasonable attorneys'

fees and costs, in exchange for Plaintiffs' voluntary dismissal of this case. Plaintiffs and Defendant respectfully request that this Court approve the proposed Settlement Agreement.

Dated: Rochester, NY
June 10, 2022

**THE GLENNON LAW FIRM, P.C.**

By: ***/s/ Peter J. Glennon***
Peter J. Glennon, Esq.
*Attorneys for Plaintiff*
160 Linden Oaks
Rochester, New York 14625
(585) 210-2150
PGlennon@GlennonLawFirm.com